IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HRUSKA PLUMBING COMPANY, <br> a Pennsylvania Corporation, <br> <br> Plaintiff, <br> <br> v. <br> <br> MICHAEL TERRICK, individually and as the <br> Manager of the MUNHALL SANITARY SEWER <br> MUNICIPAL AUTHORITY; and THE <br> MUNHALL SANITARY SEWER MUNICIPAL <br> AUTHORITY, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    2: 13-cv-00064 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for disposition is the MOTION TO DISMISS, with brief in support, filed by Defendants Michael Terrick, individually and as the Manager of the Munhall Sanitary Sewer Authority and The Munhall Sanitary Sewer Municipal Authority (ECF Nos. 4 and 56), the RESPONSE in opposition, with brief in support, filed by Plaintiff, Hruska Plumbing Company (ECF Nos. 6 and 7), the REPLY BRIEF filed by Defendants (ECF No. 10), and the SUR REPLY filed by Plaintiff (ECF No. 11).  The matter has been thoroughly briefed and is ripe for disposition.

### Factual and Procedural Background

As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party.

By way of background, the claims asserted in this lawsuit arise out of dye testing and corrections to the sanitary sewer system in the Borough of Munhall, Pennsylvania ("Borough of Munhall").  Plaintiff alleges that the Borough of Munhall was undergoing extensive

rehabilitation, repair and improvement to its sanitary sewer system under the direction of the Munhall Sanitary Sewer Authority ("Authority"). As part of the system, extensive dye testing of the properties located within the Borough of Munhall was undertaken. Plaintiff alleges that Michael Terrick as Manager / Director of the Authority determined that all dye testing could only be performed by Richard T. Brennan, Jr. t/d/b/a Park Plumbing or Hoss's Plumbing LLC. Plaintiff contends that if an individual property owner or entity selected a registered plumber other than those approved by Michael Terrick, the property owner or entity would still have to have the dye test performed by Richard T. Brennan, Jr. t/d/b/a Park Plumbing or Hoss's Plumbing LLC. Plaintiff alleges that it does not know the reasons why the testing of the other two plumbing companies were accepted, but not the testing of Plaintiff.

Plaintiff filed its original Complaint on August 14, 2012, in the Court of Common Pleas of Allegheny County against the named Defendants, Richard T. Brennan, Jr. t/d/b/a Park Plumbing, and Hoss's Plumbing LLC. In response to Preliminary Objections, the two plumbing companies were dismissed. Thereafter, on January 4, 2013, Plaintiff filed an Amended Complaint in which it raised for the first time a claim pursuant to 42 U.S.C. § 1983 in which it alleged that the actions of the Defendants violated Plaintiff's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and to equal protection under the Fourteenth Amendment of the United States Constitution.[1] Defendants filed a timely Notice of Removal to this Court and, thereafter, filed the instant Motion to Dismiss.

---

[1] In addition to its constitutional claim, Plaintiff also asserts claims under state law for defamation against Michael Terrick (Count I), Tortious Interference against Michael Terrick (Count II), and Tortious Interference against Munhall Sanitary Sewer Municipal Authority (Count III).

2

**Standard of Review**

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal,* emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*,

556 U.S. at 675).  First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).  Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."  James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal,* 556 U.S. at 678-79; *Twombly*; 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21).  The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint as to 'show' such an entitlement with its facts."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met.  *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted).  The United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on

those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-45). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

**Discussion**

A.  Claims Brought Under 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code does not create substantive rights, but rather provides a remedy for the violation of rights created by federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). As in any § 1983 case, the Court must proceed to "identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 842, n. 5 (1998).

A *prima facie* case under § 1983 requires a plaintiff to demonstrate: (1) that the alleged wrongful conduct was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Paragraph 60 of the Amended Complaint states that the conduct of Defendants violated the Plaintiff's right to due process and equal protection and has caused Plaintiff to suffer a deprivation of his property.

5

1.  *Procedural Due Process*

Under the Fourteenth Amendment, states are forbidden from depriving persons of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 255, 233-34 (3d Cir. 2006). Accordingly, as a threshold issue, the Court must determine whether the right of the Plaintiff to have his dye testing accepted by the Authority is a protected property interest worthy of constitutional protection.

As the United States Supreme Court has explained, "[p]roperty interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Bd. of Regents of State College v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff appears to suggest that its constitutional rights were violated because there was a no-bid process or request for bids prior to the Authority deciding that all dye testing could only be performed by Richard T. Brennan, Jr. t/d/b/a Park Plumbing or Hoss's Plumbing LLC. Plaintiff cites no case law or statute, nor has the Court through its independent research found any precedent, which indicates that the Authority was bound to implement a bidding process before it authorized Richard T. Brennan, Jr. t/d/b/a Park Plumbing or Hoss's Plumbing LLC to perform the dye testing for the Borough of Munhall.

Furthermore, assuming *arguendo* that the Authority had accepted bids for the dye testing and that Plaintiff's bid was not accepted by the Authority,[2] the Court of Appeals for the Third Circuit has explicitly recognized that Pennsylvania courts have long held that competitive bidding statutes do not give a low bidder standing to challenge a municipality's failure to award a contract. *Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority*, 103 F.3d 1165, 1178 (3d Cir. 1997). "[T]he existence of . . . a property interest [in the award of a municipal contract] cannot properly be derived from the regulations and specifications governing the procurement process in light of the Pennsylvania courts' long and consistent refusal to recognize such an interest." *ARA Servs., Inc. v. School District of Phila.*, 590 F. Supp. 622, 629 (E.D. Pa. 1984). *See also Board of Regents*, 408 U.S. at 577 (invitation by state to determine whether a party is a contract candidate does not give bidder a "legitimate claim of entitlement").

Accordingly, the bidding process or lack thereof cannot afford Plaintiff a basis for arguing a procedural due process claim. For the reasons set forth above, the Court concludes that Plaintiff has failed to allege any facts which suggest a plausible claim for relief under the procedural due process clause of the Fourteenth Amendment based on a protected property interest.

2. *Substantive Due Process*

Substantive due process "limits what government may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir.), *cert. denied*, 531 U.S. 1011 (2000). Under certain circumstances, substantive due process claims may

---

[2] The Court recognizes, however, that there was a no-bid process for the dye testing and corrections to the sanitary sewer system in the Borough of Munhall.

be brought when procedural fairness is not an issue. *Id.* at 402. Nevertheless, "a substantive due process claim grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a 'particular quality of property interest.' " *Id*. at 402-03 (quoting *Indep. Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d at 1179 (3d Cir. 1997)). Although the "precise contours of the 'particular quality of interest' " have not been clearly defined, *id*. (quoting *Indep. Enters.*, 103 F.3d at 1180), courts look to see whether the property interest rises to the level of " 'the fundamental interests that previously have been viewed as implicitly protected by the Constitution.' " *Id.* (quoting *Mauriello v. Univ. of Med. & Dentistry of N.J.*, 781 F.2d 46 50 (3d Cir. 1986) (quoting *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 229-30, (1985) (Powell, J. concurring))). The Third Circuit Court of Appeals has determined that not all property interests created by state contracts invoke substantive due process concerns. *See Reich*, 883 F.2d at 243-45 (citing cases).

Again, the Court finds that under the circumstances of this case, the failure to be awarded a bid is not the type of property right which is protected under the substantive due process clause of the Fourteenth Amendment. See *Indep. Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d at 1180. Accordingly, the Court concludes that Plaintiff has failed to allege any facts to support a plausible claim for relief under the substantive due process clause of the Fourteenth Amendment.

3. *Equal Protection*

Although the Amended Complaint avers that the "actions of Defendants . . . have denied the Plaintiff its rights to . . . equal protection," is not clear from the allegations how Plaintiff is contending its equal protection rights were violated.

The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Clause establishes the "fundamental principle" that "the State must govern impartially," *New York City Transit Auth. v. Beazer*, 440 U.S. 568, 587 (1979), and "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Two kinds of equal protection claims exist: "(1) [the plaintiff] is a member of a protected class similarly situated to members of an unprotected class and was treated differently from the unprotected class; or (2) he belongs to a 'class of one' and was intentionally treated differently from others similarly situated without any rational basis." *Mayer v. Gottheiner*, 382 F. Supp.2d 635, 651 (D.N.J. 2005) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) and *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

The Amended Complaint contains no averments that Plaintiff is a member of a protected class. When a plaintiff who alleges an equal protection claim does not aver membership in a class or group, that plaintiff is considered to be a "class-of-one." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The complaint must identify similarly situated individuals and allege that the plaintiff was treated differently. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Once a plaintiff has established specific instances of differential treatment towards similarly situated individuals or entities, said plaintiff must adequately allege that there was no rational basis for the treatment.

Here, Plaintiff asserts, in a vague and speculative manner that "[n]either Richard T. Brennan, Jr. t/d/b/a Park Plumbing or Hoss's Plumbing LLC are known to have unique abilities or experience which would render them better able to perform dye testing than the performance

9

of the same by the Plaintiff herein or other qualified registered plumbers in Allegheny County." Amended Complaint at ¶ 49.  Further, the Amended Complaint states that that "[t]here is no indication that Richard T. Brennan, Jr. t/d/b/a Park Plumbing or Hoss's Plumbing LLC agreed to perform any required dye testing at a substantially reduced costs (sic) thereby providing a substantial financial savings to the residents of the Borough of Munhall." *Id*. at ¶ 50.

The Court finds that the equal protection clause provides no protection for Plaintiff relative to the decision of the Authority not to employ[3] or accept the Plaintiff's dye testing, particularly where the facts as alleged are not so obvious to conclude that Plaintiff was the subject of differential treatment.  Even under the more lenient pleading standards for a class-of-one equal protection plaintiff, Plaintiff here has not alleged more than a "thread-bare recitation of the elements" needed to bring his claim. *Iqbal*, 129 S. Ct. at 1940.

4.   *Municipal Liability*

The United States Supreme Court recently reiterated the requirements for municipal liability in *Connick v. Thompson*:

> A municipality or other local government may be liable under this section if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978).  But, under § 1983, local governments are responsible only for "their own illegal acts." *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S. at 665-683).  They are not vicariously liable under § 1983 for their employees' actions. *See id*. at 691; *Canton*, 489 U.S. at 392; *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (collecting cases).

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury.

---

[3]   Moreover, the United States Supreme Court has recognized that the class-of-one equal protection claim is not cognizable in the context of public employment. *Engquist v. Oregon Dept. of Agr*., 553 U.S. 591 (2008).

> *Monell,* 436 U.S. at 691; *see id.,* at 694.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  See ibid; *Pembaur, supra* at 480-81; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).  These are "action[s] for which the municipality is actually responsible." *Pembaur, supra* at 479-480.

*Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

Axiomatically, Plaintiff cannot establish any *Monell* liability against the Authority absent an underlying constitutional violation.  *C.f., Stiegel v. Peters Twp.*, 2:12-cv-00377, 2012 WL 3096663, *6 (W.D. Pa. July 30, 20120 ("it is black letter law that without an underlying constitutional violation, Plaintiff cannot as a matter of law establish any Monell liability."); *Vernabik v. Harlow*, Civ. A. 09-448, 2012 WL 4378198, *9 (W.D. Pa. Sept. 25, 2012), *aff'd*, 12-388, 2013 WL 310237 (3d Cir. Jan. 28, 2013) ("Of importance, however, is that the absence of an underlying constitutional violation precludes any supervisory liability on a 'knowledge or acquiescence' or 'failure to train' theory.")  (citations omitted).

Because the Court has found that Plaintiff has failed to allege plausible claims for relief under the Fourteenth Amendment, the dismissal of the *Monell* claim against the Authority is warranted.  Accordingly, the motion to dismiss the municipal liability claims against the Authority will be granted.

B.       Claims Brought Under Pennsylvania State Law

The remaining three causes of action are based on Pennsylvania state law, *to wit*: defamation (Count I) and tortious interference (Counts II and III).  Jurisdiction over supplemental claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution."  However, the Court has discretion to decline to exercise supplemental jurisdiction, if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Court of Appeals has stated that "the district court must decline the . . . state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Because the Court is dismissing Plaintiff's claims brought under the Fourteenth Amendment, and given that there are no extraordinary circumstances which would warrant the exercise of supplemental jurisdiction over the pendent state law claims, the Court will decline to exercise supplemental jurisdiction.  Plaintiff's claims for defamation and tortious interference will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania. *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) (once all federal claims have been dropped from the case, the case should either be dismissed or transferred to the appropriate Pennsylvania Court of Common Pleas pursuant to 42 Pa. Cons. Stat. Ann. § 5103(b)).

C.  Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).  A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend.  In non-civil rights cases, however, a plaintiff must seek leave to amend and submit a draft amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d. 247, 252-53 (3d Cir. 2007).

Under the circumstances of this matter, the Court will not grant Plaintiff leave to amend as it would be futile. Accordingly, dismissal of the federal claims without leave to amend is justified in this matter.

## Conclusion

For the reasons hereinabove set forth, the motion to dismiss will be granted to Defendants on Plaintiff's federal claims and the remaining pendent state law claims will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HRUSKA PLUMBING COMPANY, a Pennsylvania Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  2: 13-cv-00064 ) ) |
| MICHAEL TERRICK, individually and as the Manager of the MUNHALL SANITARY SEWER MUNICIPAL AUTHORITY; and THE MUNHALL SANITARY SEWER MUNICIPAL AUTHORITY, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 25th day of April, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion to Dismiss filed by Defendants is **GRANTED** as to all federal claims alleged in Plaintiff's Complaint and all federal claims alleged in Plaintiff's Amended Complaint are hereby dismissed with prejudice.

2. The pendent Pennsylvania state law claims for defamation and tortious interference are **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania; and,

3. The Clerk shall docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Gregory G. Paul, Esquire
Morgan & Paul, PLLC
Email: gregpaul@morgan-paul.com

James S. Urban, Esquire
Jones Day
Email: jsurban@jonesday.com

Brandon J. Lester, Esquire
Jones Day
Email: blester@jonesday.com